IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CASE NO. 4:12-MJ-312 (MSH) |
| | : | |
| GAIL D. STOCKDALE, | : | |
| | : | |
| Defendant. | : | |

_____

## ORDER

On July 3, 2013, the Court received a letter from Defendant requesting that the Court reconsider her sentence. (Letter 1, Jun. 29, 2013, ECF No. 19.) The Court construes this letter as a motion to reduce sentence pursuant to 18 U.S.C. § 3582. For the reasons described below, Defendant's motion is hereby dismissed.

## BACKGROUND

On March 14, 2013, Defendant pled guilty to one count of theft of government property. 18 U.S.C. § 641. Judgment was entered on June 20, 2013, and Defendant was sentenced to six (6) months imprisonment. In a letter dated June 29, 2013, Defendant requests the Court modify the term of imprisonment to either a ninety (90) day sentence, home detention, or a term of probation. (Letter 1, Jun. 29, 2013, ECF No. 19.) Defendant makes no legal argument in her letter and provides no authority for her request. However, giving Defendant the benefit of the doubt as a *pro se* litigant, the Court construes this letter as a request by Defendant for the Court to modify her sentence

pursuant to 18 U.S.C. § 3582.

## DISCUSSION

This Court does not have "inherent authority" to modify a sentence. *United States v. Diaz-Clark*, 292 F.3d 1310, 1317-19 (11th Cir. 2002); *see also* 18 U.S.C. § 3582(c) ("The court may not modify a term of imprisonment once it has been imposed except [in certain cases]."). Title 18, United States Code § 3582 provides the limited circumstances under which a sentence for a term of imprisonment may be modified. 18 U.S.C. § 3582(c). Specifically, "[u]nder § 3582(c), the court may modify a sentence in three circumstances: (1) upon motion of the Director of the Bureau of Prisons; (2) under [Federal Rules of Criminal Procedure] Rule 35 or as otherwise expressly permitted by statute; or (3) if the sentencing range has subsequently been lowered by the Sentencing Commission." *United States v. McGranahan*, 168 F. App'x 934, 937 (11th Cir. 2006). If one of these circumstances is not present in a case, the Court lacks jurisdiction to consider the Defendant's motion to modify his sentence. *Id.*

Here, there is no motion from the Bureau of Prisons; there is no authority to modify the sentence under Federal Rules of Criminal Procedure 35 for clear error or substantial assistance, or under any other statute; and the sentencing guideline range has not been lowered since Defendant's sentencing. Because none of the circumstances listed in § 3582(c) is present in this case, this Court lacks jurisdiction. Defendant's motion is consequently dismissed.

## CONCLUSION

For the reasons stated above, Defendant's motion to reduce sentence is DISMISSED for lack of jurisdiction.

SO ORDERED, this 9th day of September, 2013.

S/Stephen Hyles_____
UNITED STATES MAGISTRATE JUDGE